**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 1:14-cv-00259-WYD-MEH

MALIBU MEDIA, LLC,
    Plaintiff,
v.

JOHN DOE, subscriber assigned IP Address 71.196.168.210
    Defendant.

**REPLY IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENA
AND TO VACATE RULE 26 ORDER**

Defendant John Doe ("Defendant"), identified at Internet Protocol ("IP") address 71.196.168.210 on January 12, 2014 at 23:00:53 GBT, respectfully submits this Reply in Support of Motion to Quash the third-party subpoena served upon Defendant's Internet Service Provider ("ISP"), Comcast Holdings Corp, and to vacate the Court's Order granting expedited discovery under Rule 26.

### I.  Introduction:

John Doe subscriber assigned IP Address 71.196.168.210 filed a Motion to Quash Plaintiff's third-party subpoena on March 20, 2014. John Doe subscriber is identified herein as "Defendant" only for purposes of the Motion to Quash and this Reply thereto. John Doe subscriber has not been served with any Complaint or identified as a party in this case, and does not waive any rights by filing this Reply. Plaintiff filed a Response on April 10, 2014, objecting to quashing the subpoena. Defendant hereby replies as follows.

## II. Responses to Plaintiff:

Plaintiff argues that courts have rejected Motions to Quash against plaintiffs such as Malibu Media in the past. It is true that federal courts have rejected arguments made as to actual burden under Fed.R.Civ.P. 26(b)(2)(C)(iii), due to standing. Unlike other movants, however, Defendant did not make an actual burden argument under Rule 26(b)(2)(C)(iii). Rather, the Motion to Quash is argued under the early discovery rule, Rule 26(d)(1), and the five-part test for good cause set forth under *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-565, 2004 U.S. Dist. LEXIS 14122 (S.D.N.Y. 2004). Defendant's Motion to Quash is incorporated by reference herein. Defendant is asking the Court to reconsider its Order granting early discovery, and to deny early discovery. This necessarily requires quashing Plaintiff's third-party subpoena, which was issued pursuant to the Court's grant of early discovery. Defendant has standing to ask the Court to reconsider early discovery, as Defendant has a personal or proprietary interest in the information sought. See *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (Dist. D.C., 2005).

Defendant argues that Plaintiff's request for expedited discovery lacks specificity, one prong of the five part test to analyze good cause under Rule 26(d)(1). This prong requires that "Plaintiffs' discovery request is also sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Sony Music Entm't Inc.*, 326 F. Supp. 2d at 566. It is not enough that the discovery propounded by a plaintiff be specific in order to satisfy this prong. There must also be a showing of a "reasonable likelihood" that the discovery, in and of itself, will lead to a valid claim against a defendant. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447, 23, 2012 WL 1570765 (E.D.N.Y.

May 1, 2012) ("While the discovery propounded by plaintiffs is specific, for the reasons discussed above, it does not establish a reasonable likelihood it will lead to the identity of defendants who could be sued."); *Pacific Century Int'l Ltd. v. Does*, 2011 U.S. Dist. LEXIS 124518, 2011 WL 5117424, at *2 (N.D.Cal. Oct. 27, 2011) ("Plaintiff must go beyond the 'limited discovery' that it earlier asserted would lead to Defendants' identities . . . [p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, [the plaintiff] might require still more discovery, including interrogatories, document requests and even depositions." (citations omitted). At least one federal court has found that good cause does not exist for early discovery in a copyright case. *See Pacific Century*, 2011 U.S. Dist. LEXIS 124518, 2011 WL 5117424, at *2 (denying discovery to protect "innocent internet users").

Plaintiff argues that no court has granted a motion to dismiss under Rule 12(b)(6). This is not correct. The Honorable Robert S. Lasnik granted four defendants' Motions to Dismiss under Rule 12(b)(6). *See Elf-Man, LLC v. Eric Cariveau*, Case No. C13-0507RSL (Order attached to Motion to Quash as Exhibit A). In *Elf-Man*, Plaintiff filed claims against 152 defendants after receiving identifying subscriber information through early discovery. There is no indication the class action defendant subscribers ever objected to early discovery in that case or litigated the five-prong test set forth in *Sony Music*. In *Elf-Man*, the plaintiff subsequently filed an Amended Complaint reducing the Complaint from 152 defendants to 18 defendants, and all other defendants were dismissed. Four of the remaining named defendants filed motions to dismiss, arguing that "plaintiff's allegations, which are presented in the alternative, fail to state a claim for relief that

3

crosses the line between possible and plausible." *Id.* at p. 2. The court agreed. *Id.* In granting discovery, the court noted that:

> [I]dentifying the account holder tells us very little about who actually downloaded "Elf-Man" using that IP address. As one court noted, "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call. In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). In fact, it is less likely. Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby. Thus, the risk of false positives is very real. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 243 (S.D.N.Y. 2012). It is not clear that plaintiff could, consistent with its obligations under Fed. R. Civ. P. 11, make factual contentions regarding an internet subscriber's infringing activities based solely on the fact that he or she pays the internet bill."

*Id.* The *Elf-Man* court further quoted *Somers v. Apple, Inc.*, 72 F.3d 953, 959-60 (9th Cir. 2013), wherein the court stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

"While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers. Plaintiff has failed to adequately allege a claim for direct copyright infringement." *Elf-Man*, Exhibit A at p. 5. Again, to prove a claim for infringement, a Plaintiff must demonstrate that the Defendant copied the protected work, and that the copying was a result of a volitional act. *See Religious Tech Ctr. v. Netcom On-Line Commn'n Servs., Inc.,* 907 F. Supp

4

1361, 1369-1370 (N.D. Cal. 1995); *Kelly v. Ariba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003). Plaintiff is not able to do so on the basis of the early discovery sought.

In its Response, Plaintiff argued that the number of downloads from IP address 71.196.168.210 over time justifies its request for early discovery. Again, however, the mere fact that a subscriber pays for an internet account does not mean the subscriber downloaded any internet content using the IP address associated with the account. An IP address can name an entire network of computers, so an IP address alone is not sufficient to identify an individual accused of copyright infringement. Multiple computers could access the internet at the same time under the same IP address. As stated by the Honorable Gary Brown,

> Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.

*In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447, *9-10, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (citations omitted). Defendant simply paid the internet bill. This is insufficient to support any claims against John Doe subscriber for copyright infringement. The number of downloads is irrelevant, and does not mean the person to whom the IP address is registered is the only person able to access the internet through that address. Nor does the number of downloads mean that the subscriber had any knowledge that movies were being downloaded, or by whom. Plaintiff's request for early discovery amounts to nothing more than a highly prejudicial fishing expedition.

Plaintiff's request for early discovery is thus not sufficiently specific to establish a reasonable likelihood that the discovery request for Defendant's personal identifying information would make service of any legitimate claim possible against Defendant. Plaintiff fails the first

prong of the *Sony Music* test. *Sony Music*, 326 F. Supp. 2d at 563-567. There is no showing of good cause under Rule 26(d). Even if there was a showing of good cause, which Defendant argues there is not, the Court may still deny expedited discovery where "the court finds that discovery "would not uncover [the defendants'] identities, or **that the complaint would be dismissed on other grounds**." *Pac. Century Int'l, Ltd. v. Does 1-101*, 2011 U.S. Dist. LEXIS 124518, *3-4 (N.D. Cal. Oct. 27, 2011) (emphasis added). Here, simply identifying the account holder associated with an IP address tells us very little about who actually downloaded a movie and does not sufficiently allege a claim for direct copyright infringement. Any resulting complaint would be dismissed.

In addition, John Doe subscriber argued extreme prejudice, unwarranted annoyance, and embarrassment under Rule 26(d)(1) and *Pac. Century*, not Rule 26(b)(2)(C)(iii) or Rule 45. Good cause for expedited discovery exists where "the need for expedited discovery, in consideration of the administration of justice, **outweighs the prejudice to the responding party**." *Pac. Century Int'l, Ltd. v. Does 1-101*, 2011 U.S. Dist. LEXIS 124518, *3-4 (N.D. Cal. Oct. 27, 2011). As argued in Defendant's Motion to Quash, Plaintiff's inability to identify who actually accessed the internet through implicated IP and MAC addresses introduces an unacceptable degree of uncertainty with regard to the identification or actual wrongdoers. Early discovery in a case where the allegations are the downloading of pornographic content creates a potential for coercive and unjust settlements, as recognized by the courts. *In re BitTorrent*, 2012 U.S. Dist. LEXIS 61447 at *30; *Digital Sin, 2012* WL 263491, at *3 ("This concern and its potential impact on social and economic relationships, could impel a defendant entirely innocent of the alleged conduct to enter into an extortionate settlement"). Again, the risk of false positives, which "is not purely speculative," creates a potential for coercing unjust settlements from innocent defendants who simply want to

6

avoid the embarrassment and stigma of allegations of pornography. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 229, 242, 2012 U.S. Dist. LEXIS 10803, *8 (S.D.N.Y. Jan. 30, 2012). The extreme prejudice and harassment to Defendant that would result from expedited discovery in this case far outweighs any marginal value to Plaintiff in the information sought.

The objecting party's expectation of privacy is another prong under the five-part test set forth in *Sony Music*. *See Sony Music*, 326 F. Supp. 2d at 563. In the Motion to Quash, Defendant argued an expectation of privacy in the personal information requested by the subpoena. This is not an issue that has been decided in the context of early discovery. Here, there are no admissions or any evidence whatsoever that Defendant committed copyright infringement. This as a distinguishing factor. Where it is uncertain and unlikely that the subscriber sought to be identified actually downloaded copyrighted works, courts "**cannot conclude with any reasonable certainty that plaintiffs have overcome the expectation of privacy by putative defendants.** *In re BitTorrent*, 2012 U.S. Dist. LEXIS 1447 at *26-27 (emphasis added). Accordingly, Plaintiff has failed to demonstrate good cause for expedited discovery in this case. Expedited discovery should be denied.

### III.   Conclusion.

Defendant respectfully requests the Court reconsider and vacate its Order granting expedited discovery, and quash the third-party subpoena served upon Comcast Holdings Corp. Plaintiff's discovery request is not sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court. Further, good cause does not exist for the expedited discovery, which is extremely prejudicial and would subject Defendant to

unwarranted annoyance and embarrassment. Finally, Defendant has a privacy interest in Defendant's personal identifying and contact information.

WHEREFORE, Defendant respectfully requests that the Court reconsider and vacate its Order granting expedited discovery, and enter an Order quashing the third-party *subpoena duces tecum* issued to Comcast. Defendant further requests any additional relief this Court deems just and proper.

Respectfully submitted this 24th day of April, 2014.

By: s/Crystal C. Littrell
CRYSTAL C. LITTRELL, ESQ.
1300 Broadway, Ste. 900
Denver, CO 80203
Phone: 720-270-2091
Email: clittrell01@gmail.com
Attorney for John Doe Defendant (subscriber assigned IP Address 71.196.168.210), for purposes of the Motion to Quash and Reply to Motion to Quash, only.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: s/Crystal C. Littrell
Crystal C. Littrell, Esq.
