IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00259-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 71.196.168.210,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is a Renewed Motion to Quash Third-Party Subpoena and to Vacate Rule 26 Order [filed March 20, 2014; docket #15] filed by Defendant John Doe Subscriber Assigned IP Address 71.196.168.210 (hereinafter "Defendant"). The motion has been referred to this Court for disposition. (Docket #17.) The matter is fully briefed, and the Court finds that oral argument will not assist with adjudication of the motion. For the reasons that follow, Defendant's motion is **denied**.

### I. Background

    Plaintiff initiated this action on January 29, 2014, alleging that Defendant, identified only by his Internet Protocol ("IP") address, infringed on 12 of Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films.

    In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Provider ("ISP") prior to the

Rule 26(f) conference. (Docket #6.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #9.) In particular, the Court authorized Plaintiff to serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of Defendant based on the IP address listed in the Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order and the ISP to notify its subscriber of the subpoena and request for indentification. Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information may result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on or about February 11, 2014. (Motion, docket #15 at 2.) In turn, Comcast notified Defendant that it would release his identifying information to Plaintiff by March 20, 2014, unless Defendant filed an objection with the Court. (*Id.*) Consistent with these instructions, Defendant first moved for reconsideration of the Court's order permitting early discovery and to quash the subpoena on March 18, 2014. (Docket #12.) The Court denied the first motion on procedural grounds [*see* docket #14], and Defendant filed the present renewed motion [docket #15] on March 20, 2014. Defendant asks the Court to reconsider and vacate its January 31, 2014 order for Plaintiff's failure to demonstrate good cause and specificity. Defendant also argues the subpoena served on Comcast should be quashed because "it is not very likely" to identify the actual infringer

and, thus, will unduly burden Defendant by causing embarrassment and "unwarranted annoyance" from the Plaintiff's attempts to settle. Defendant also challenges the extent to which Plaintiff's identification of the infringing IP address can be used to show Defendant committed the alleged infringement. Given the risk of mistaken identification and the public embarrassment that may ensue from perceived unlawful downloading of Plaintiff's pornographic film, Defendant asks the Court to prohibit Comcast from disclosing his identifying information.

Plaintiff responds that Defendant fails to meet the requirements of Fed. R. Civ. P. 45 for quashing the subpoena. Plaintiff contends that an IP address is the most effective way to identify a potential infringer, and that courts ruling on the issue have approved of appropriate subpoenas. Further, Plaintiff argues that even if the subscriber is not the actual infringer, the federal court rules allow discovery of the "identity and location of persons who know of any discoverable matter." Moreover, Plaintiff contends that this Court has already mitigated any concern for embarrassment or annoyance by granting Defendant's motion for protective order and for limited discovery. Plaintiff also notes that this Court and others have found Plaintiff does not engage in improper litigation tactics. Finally, Plaintiff contends that its Complaint would survive a Fed. R. Civ. P. 12(b)(6) challenge and Defendant's denial of liability has no bearing on the present motion.

Defendant replies that the present motion is not focused necessarily on Rule 45 governing motions to quash, but rather on Defendant's request that the Court reconsider its order granting early discovery under Rule 26(d)(1). Defendant contends that this Court's granting of the present motion would necessitate quashing the subpoena. Defendant also cites cases holding that an IP address may be insufficient, itself, to correctly identify the person who committed the infringement and argues that, as such, Plaintiff fails to demonstrate a reasonable likelihood that the information sought

through the challenged subpoena will lead to the discovery of admissible evidence.

**II.     Discussion**

        A.     <u>Request to Reconsider Order Permitting Early Discovery</u>

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Defendant does not specifically identify which bases upon which he or she relies for the motion; however, because there appear to be no indications that (1) or (2) apply, the Court will construe Defendant's arguments under the third basis.

The Court finds Defendant has not demonstrated a need to correct clear error or prevent manifest injustice by vacating the Court's previous order and prohibiting the ISP from disclosing his/her identity to the Plaintiff. Upon review of the Plaintiff's motion for pre-Rule 26(f) discovery, the operative pleading and the entire record in this case, the Court concludes the Plaintiff has properly demonstrated specificity and good cause in seeking discovery for the identities of purported infringers. Defendant argues his personal identifying information is insufficient to support a legal claim for direct infringement, since an IP address can be falsified or can identify an entire network

4

of computers, rather than the actual infringer him- or herself. However, it is undisputed that an ISP assigns its customers IP addresses for the purpose of identifying their customers and the activity they perform on the network. Thus, it necessarily follows that an ISP "can correlate the Defendant's IP address to the Defendant's true identity" and "the ISPs can use the IP addresses to identify the Defendants."

As for whether Defendant actually "copied the constituent elements of the registered Work," such statement is simply an allegation that remains subject to proof through this action. As in any other action, the Plaintiff need not prove a Defendant committed the alleged wrongdoing before engaging in discovery. Certainly, through such early discovery, the Plaintiff can obtain information from the named Defendant him- or herself concerning whether the Defendant actually committed the infringement. The Court concludes its order granting pre-Rule 26 discovery is proper and based on sufficient specificity and good cause demonstrated by the Plaintiff. Therefore, the Court will not issue an order prohibiting the ISP (Comcast) from disclosing Defendant's identity (minus the telephone number and email address)[1] to the Plaintiff.

      B.      <u>Request to Quash Subpoena</u>

Although the Defendant appears to center his/her arguments on a request to reconsider and vacate the pre-discovery order, the Court will also address Defendant's request to quash the subpoena served on Comcast.

Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects

---

[1] *See* March 27, 2014 Order, docket #18.

a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Comcast, the recipient of the subpoena, has not objected to its terms. However, Defendant argues that s/he has standing to quash based on a personal and/or proprietary interest in his/her identifying information. Plaintiff does not appear to dispute this interest. Thus, the Court may consider Defendant's motion to quash, but must limit its analysis to whether the subpoena served

on Comcast requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1-162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1-18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). Thus, Defendant must show the information sought is privileged. The burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

In this case, Defendant's motion does not address whether the information sought is privileged or otherwise protected. Instead, Defendant asks the Court to quash the subpoena based on alleged misidentification, Plaintiff's settlement practices, and the potential for embarrassment. Defendant asserts that "[b]ecause [Plaintiff's] technology and methods utilized to identify potential Defendants are highly unreliable, there is a significant risk of misidentification." Motion, docket #15 at 8. Defendant also claims that Plaintiff's unreliable methods "create the potential for coercive and unjust settlements, as recognized by the courts." *Id.* at 9. Finally, Defendant contends that "[u]nfounded allegations of this nature would be damaging and embarrassing to Defendant and could jeopardize Defendant's employment." *Id.* at 11.

First (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon alleged misidentification. "[T]he concern that someone else may have somehow gained access to the Doe's computer is essentially a denial of personal liability." *Malibu Media, LLC v. John Does 1-7*, No. 12-1189, 2013 WL 501445, at *2 (C.D. Ill. Feb. 11, 2013). However, "[a] general denial of liability is not relevant as to the validity or enforceability of a

7

subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC*, 276 F.R.D. 241, 250 (N.D. Ill. 2011). Thus, Defendant's arguments challenging Plaintiff's investigation methods and concerning the accessibility of unprotected wireless routers are premature at this stage of the litigation and more properly raised during adjudication of the merits of this case. "Without the identifying information to name the Doe Defendants as parties to the lawsuit, the plaintiff would not have 'the opportunity to contest the merits and the veracity of their defenses.'" *Id.* at 251 (quoting *Voltage Pictures, Inc. v. Does 1-5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)).

In fact, Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of the alleged infringers for the purpose of enforcing its copyright. The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed. To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including ... the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Here, Defendant does not claim that his identifying information is "privileged" and, as the internet subscriber with an IP address captured by the Plaintiff in investigating potential copyright infringement, Defendant certainly "may know of any discoverable matter," including information that may lead to the identification of the actual infringer.

Defendant's remaining arguments are also insufficient under Rule 45. Though Defendant expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis. Even if it did, however, the Court has not observed nor been made aware of any particular Defendant in the cases before this Court who has experienced

8

"coercive" settlement tactics by the Plaintiff. Defendant asserts, "[f]ederal courts have criticized plaintiffs *such as Malibu Media* who file cases with extremely weak infringement positions in order to settle for less than the cost of defense, and have directly condemned for-profit copyright litigation models against individuals"; however, the cases Defendant cites do not involve the Plaintiff.

Furthermore, the Court finds this accusation inconsistent with its experience concerning Plaintiff. As the Magistrate Judge assigned to handle all cases by this Plaintiff, this Court has had the opportunity to observe Plaintiff and Plaintiff's counsel on a number occasions and in a variety of contexts, including settlement conferences and default judgment hearings. Like District Judge Michael Baylson, who entered judgment in favor of Plaintiff after a trial to the bench, the Court has found that Plaintiff is not a "copyright troll," but rather an actual producer of adult films. *Malibu Media, LLC v. John Does 1,6, 13, 14*, *and Bryan White*, 950 F. Supp. 2d 779, 787 (E.D. Pa. 2013). Moreover, the Court has personally observed Plaintiff's willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence. *See Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *3 (D. Colo. Dec. 4, 2012). As the Court noted in *Maness*, Plaintiff "may be understandably and even reasonably skeptical of a defendant's assertion of innocence." *Id.* at *6. Even if there is no ultimate liability, "Plaintiff has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works," provided Plaintiff has a good-faith basis under Rule 11 for bringing suit. *Id.* Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions. *Id.* Thus, the Court is not convinced that Defendant has suffered "coercion" by the Plaintiff such as might constitute an "undue burden" under Rule 45.

Equally outside the scope of Rule 45 is a party's concern that being named as a defendant

in a federal lawsuit may cause embarrassment and/or injure his or her reputation. Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work he allegedly infringed). Here, to ensure his anonymity, the Court has granted Defendant's motion to proceed anonymously in this case. Thus, while the Court acknowledges Defendant's concerns, in this matter, it is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.

In fact, as in this case, to the extent embarrassment at being named in a lawsuit of this type might constitute an "undue burden" pursuant to Rule 45, in an effort to reduce the likelihood of any untoward settlement conduct or undue embarrassment of a Doe defendant, this Court affirms the practice of ISPs withholding a Doe defendant's identifying information pending the resolution of any motion filed by a Doe defendant challenging the subpoena, and typically grants a Doe defendant's well-supported motion to proceed anonymously in the case pending resolution of motions to dismiss, to sever, or to quash. Further, with the Plaintiff's consent, the Court has granted motions for protective order allowing Doe defendants to proceed in the litigation anonymously. In this case, Defendant obviously has not been identified and any potential for embarrassment may be avoided (at least for a reasonable period) if agreeable to all parties.

## III. Conclusion

For the reasons stated above, the Court finds that Defendant has not met his/her burden of showing that the Court should vacate its order granting early discovery and quash the subpoena served on Comcast. Therefore, the Renewed Motion to Quash Third-Party Subpoena and to Vacate Rule 26 Order [filed March 20, 2014; docket #15] filed by Defendant John Doe Subscriber Assigned

IP Address 71.196.168.210 is **denied**.

Entered and dated at Denver, Colorado, this 28th day of April, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

11